IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARYL M. SHAPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 21-1295 (MN) |
| ) | |
| TIMOTHY DOLAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Daryl M. Sharp, Arlington, VA – Pro Se Plaintiff

March 28, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Daryl M. Sharp ("Plaintiff") filed this action on September 13, 2021, and amended the Complaint on September 30, 2021. (D.I. 2, 5). The Amended Complaint is the operative pleading. (D.I. 5). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). This Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## I. BACKGROUND

Plaintiff names the following Defendants: Timothy Dolan, Archbishop of the Archdiocese of New York; William Koenig, Bishop of the Diocese of Wilmington, Delaware; Jose Gomez Velasco, Archbishop of the Archdiocese of Los Angeles; and Blase Cupich, Archbishop of the Archdiocese of Chicago. As alleged, "the case charges massive theft of government funding directed to the Catholic organization" and "manipulation of the teaching Manuel the Bible in violation [of] Title 18 1091." (D.I. 5 at 2). Plaintiff alleges he suffered gunshot injuries and seeks "500 trillion dollars per state, island, province, country, and military branch of service from every Catholic bank account on the planet to be returned to this country and countries around the globe and the termination of the Vatican and those tied to it." (*Id.* at 7).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the

2

elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

Although this Court construes *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. at 94 (quoting *Estelle v. Gamble*. 429 U.S. 97, 104-05 (1976)), Plaintiff's Amended Complaint states no recognizable causes of action. Plaintiff alleges violations of 18 U.S.C. § 1091, a federal statute that criminalizes the genocide of members of a religious group. Plaintiff, however, lacks standing to impose criminal liability upon Defendants pursuant to the criminal statute upon which he relies.

*See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996)

In addition, this Court finds that the Amended Complaint contains fantastical and/or delusional claims that are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i).  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (complaint may be dismissed as lacking a basis in fact if premised upon allegations that are fanciful, fantastic, and delusional); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011).  Finally, this Court takes judicial notice that Plaintiff has filed the same or similar actions against the Catholic hierarchy in other district courts and those actions were also dismissed as frivolous.  *See Sharp v. Dolan*, 810 F. App'x 14 (D.C. Cir. 2020) (affirming dismissal of case on the grounds that the allegations are frivolous); *Sharp v. Dolan*,  C.A. No. 17-341-FtM-99MRM, 2017 WL 3048969 (M.D. Fl. July 19, 2017 (dismissing case as frivolous, for lack of jurisdiction or venue and noting it is duplicative of a case filed in the District of Columbia).

After thoroughly reviewing the Amended Complaint and applicable law, this Court draws on its judicial experience and common sense and finds that the claims are frivolous.  The Amended Complaint will be dismissed.

## IV.     CONCLUSION

For the above reasons, this Court will dismiss the Amended Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Amendment is futile.

An appropriate Order will be entered.